**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**
**2015 MSPB 15**

Docket No. PH-0752-14-0669-I-1

**John W. Morrison,**

**Appellant,**

**v.**

**Department of the Navy,**

**Agency.**

February 23, 2015

Kim Shugars, Las Vegas, Nevada, for the appellant.

Barbara M. Dale, Esquire, Newport, Rhode Island, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

**OPINION AND ORDER**

¶1 The appellant has filed a petition for review of the initial decision, which dismissed his appeal for lack of jurisdiction. For the reasons discussed below, we GRANT the appellant's petition for review, VACATE the initial decision, and REMAND the appeal to the regional office for further adjudication in accordance with this Opinion and Order.

BACKGROUND

¶2 Prior to his retirement, the appellant was employed by the Department of the Navy as a Firefighter. Initial Appeal File (IAF), Tab 1 at 1. On July 13,

2012, the appellant retired after becoming aware that the decision letter on his proposed removal would be issued that day. IAF, Tab 6 at 49. The decision to remove the appellant was based on a single charge: denied eligibility to access noncritical sensitive areas. IAF, Tab 14 at 31. The appellant was called into a meeting on July 13, 2012, for the purpose of delivering the decision letter. IAF, Tab 6 at 49. The appellant alleges that he was told during this meeting that the decision to remove him had been made and "[i]f you take the termination you will lose all your benefits and your retirement." IAF, Tab 1 at 2. The appellant also alleges that he was not allowed to call anyone prior to making his decision to retire. *Id*. The appellant was told that his retirement had to be effective immediately. IAF, Tab 6 at 49.

¶3    The appellant filed an equal employment opportunity (EEO) complaint alleging that he was discriminated against on the basis of his age and in reprisal for protected EEO activity when the agency proposed his removal and he was forced to retire. IAF, Tab 6 at 9-28. After the agency issued a final agency decision finding that the appellant had not been discriminated against or subjected to reprisal, the appellant filed this appeal. IAF, Tab 1. The agency filed a motion to dismiss this appeal for lack of jurisdiction. IAF, Tab 7. After a telephonic status conference with the parties, the administrative judge ordered the parties to file evidence and arguments regarding the Board's jurisdiction over a constructive removal/retirement claim. IAF, Tab 10. After receiving evidence and arguments from both parties, the administrative judge issued an initial decision dismissing the appeal, without holding a hearing, finding that the appellant had not made a nonfrivolous allegation of a claim within the Board's jurisdiction. IAF, Tab 18, Initial Decision (ID).

¶4    The appellant has filed a petition for review. Petition for Review (PFR) File, Tab 1. The agency has filed a response in opposition to the appellant's petition. PFR File, Tab 3.

ANALYSIS

¶5     A retirement is presumed to be a voluntary act and, therefore, beyond the Board's jurisdiction.  *See Heining v. General Services Administration*, [68 M.S.P.R. 513](#), 519 (1995); *see also* [5 C.F.R. § 752.401](#)(b)(9). The presumption that a retirement is voluntary can be rebutted if the employee can establish that his retirement was the product of duress or coercion brought on by government action, or of misleading or deceptive information.  *Heining*, 68 M.S.P.R. at 519.  Jurisdiction is established in constructive adverse action appeals by showing:  (1) the employee lacked a meaningful choice in the matter; and (2) it was the agency's wrongful actions that deprived the employee of that choice.  *Bean v. U.S. Postal Service*, [120 M.S.P.R. 397](#), ¶¶ 8-11 (2013).

¶6     The administrative judge properly found that the inherently unpleasant alternatives between retiring and opposing the potential removal action did not render the appellant's retirement involuntary.  ID at 4.  The administrative judge also properly concluded that the appellant's retirement was not coerced because the agency had reasonable grounds for proposing his removal.  ID at 5.  But the administrative judge erred by not also addressing whether the appellant made a nonfrivolous allegation that his retirement was involuntary because he materially relied on misleading information that was provided by the agency, or that the agency had reason to know he was relying on misleading information, but failed to correct it.

¶7     A retirement is involuntary if it is obtained by agency misinformation or deception.  *Covington v. Department of Health & Human Services*, [750 F.2d 937](#), 942 (Fed. Cir. 1984).  The misleading information can be negligently or even innocently provided; if the employee materially relies on such misinformation to his detriment, based on an objective evaluation of the circumstances, his retirement is considered involuntary.  *Id*.  A decision based on misinformation or lack of information cannot be binding as a matter of fundamental fairness and due process.  *Id*. at 943.  The Board has stated that the principles set forth in

*Covington* require an agency to provide information that is not only correct in nature but also adequate in scope to allow an employee to make an informed decision. *Baldwin v. Department of Veterans Affairs*, 111 M.S.P.R. 586, ¶ 16 (2009). This includes an obligation to correct any erroneous information an agency has reason to know an employee is relying on. *Id.*

¶8 The appellant alleges that an agency manager told him that he would lose his retirement benefits if he were removed. IAF, Tab 1 at 2. This appears to be misinformation. Retirement benefits earned over the course of one's federal career are generally available upon separation from federal service, even when that separation is agency initiated. *See* 5 U.S.C. §§ 8312-15 (codifying limited circumstances under which an annuity is subject to forfeiture). This is an allegation that the appellant lacked a meaningful choice due to the agency's act of providing incorrect advice, and if true, would constitute an appealable constructive removal. *See Bean*, 120 M.S.P.R. 397, ¶¶ 8-9.

¶9 The record includes evidence that the agency had reason to know the appellant was relying on this misinformation. The same manager who allegedly told the appellant that he would lose his retirement benefits if he were removed stated that in the months leading up to the removal decision the appellant was "very concerned" about how a removal would affect his retirement benefits. IAF, Tab 6 at 40. Failing to correct erroneous information that it has reason to know an employee is relying on is a wrongful action by an agency that may deprive an employee of a meaningful choice. *Baldwin*, 111 M.S.P.R. 586, ¶ 16.

¶10 An employee can make a factual showing sufficient to obtain a jurisdictional hearing on misrepresentation-based involuntariness, despite falling short of the showing necessary to make a nonfrivolous allegation of coercion. *Middleton v. Department of Defense*, 185 F.3d 1374, 1382 (Fed. Cir. 1999). We find that the appellant has made a nonfrivolous allegation that his retirement was involuntary because he materially relied on agency misinformation. *See, e.g.*, *Aldridge v. Department of Agriculture*, 110 M.S.P.R. 21, ¶¶ 11-12 (2008).

¶11     The appellant has raised defenses in his petition for review, which are not relevant to the threshold issue of jurisdiction (due process, disparate penalty, harmful procedural error, prohibited personnel practices).  PFR File, Tab 1 at 1-3, 6-8.  The petition for review also includes a list of statutes the appellant appears to offer as relevant to adjudicating the merits of his appeal.  *Id.* at 8-11.  We cannot reach any of these issues without first determining whether the Board has jurisdiction.  *See Garcia v. Department of Homeland Security*, 437 F.3d 1322, 1339-40 (Fed. Cir. 2006).  If, on remand, the administrative judge determines that the Board has jurisdiction over the appeal and reaches adjudication of the merits, she should consider the appellant's other arguments and defenses as appropriate.[*]  *See generally Abbott v. U.S. Postal Service*, 121 M.S.P.R. 294, ¶ 11 (2014).

¶12     The appellant also states that he was denied discovery.  PFR File, Tab 1, Attachment AAa1.  An administrative judge has broad discretion in ruling on discovery matters, and absent an abuse of discretion the Board will not find reversible error in such rulings.  *Vaughn v. Department of the Treasury*, 119 M.S.P.R. 605, ¶ 15 (2013).  The administrative judge denied the appellant's motion to compel discovery because he failed to comply with 5 C.F.R.

---

[*] The appellant has also renewed his claim of reprisal for protected EEO activity in his petition for review.  PFR File, Tab 1 at 2; *see* ID at 5.  On remand, the administrative judge should consider the appellant's claim of retaliation to the extent that evidence of this claim relates to the voluntariness of his retirement.  *See Pickens v. Social Security Administration*, 88 M.S.P.R. 525, ¶ 6 (2001) (finding that, when allegations of discrimination and reprisal are alleged in connection with a determination of voluntariness, such evidence of discrimination or retaliation may only be addressed insofar as it relates to the issue of voluntariness and not whether the evidence would establish discrimination or reprisal as an affirmative defense).  Should the administrative judge find jurisdiction over the appeal and reach adjudication of the merits, she may then consider this claim as a separate affirmative defense.  *See Fahrenbacher v. Department of Veterans Affairs*, 89 M.S.P.R. 260, ¶ 9 (2001) (finding that the Board adjudicates claims of discrimination and reprisal under the standards applicable for proof under Title VII only after the appellant has established that the Board has jurisdiction over the appeal by proving that the retirement was involuntary).

§ 1201.73(c)(1) and (d)(3).  IAF, Tab 17; 5 C.F.R. § 1201.74.  We do not find that the administrative judge abused her discretion in denying the appellant's motion to compel discovery.  However, on remand both parties should be given an opportunity to conduct discovery on the jurisdictional issue identified in this order.

<u>ORDER</u>

¶13     For the reasons discussed above, we REMAND this appeal to the regional office for a jurisdictional hearing in accordance with this Opinion and Order.

FOR THE BOARD:

_____
William D. Spencer
Clerk of the Board
Washington, D.C.